**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARVIN ROBERTO VALLEJOS GOMEZ,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

Case No. EDCV 26-5591 PVC

**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE**

Petitioner Marvin Roberto Vallejos Gomez ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Fereti Semaia, Warden of Adelanto ICE Processing Center; Jaime Rios, Field Office Director of Los Angeles Field Office, ICE; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General of the United States on September 23, 2026. (Pet., Dkt. No. 1). The Petition states that Petitioner has been in immigration custody since September 2026. (*Id.* at 2).[1] Petitioner is currently detained at the

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

Adelanto ICE Processing Facility in Adelanto, California. (*Id.*). Petitioner alleges that his arrest and continued detention violate 8 U.S.C. § 1226(a) and 1357(a)(2), the Fourth Amendment prohibition against unreasonable seizures, and the Due Process Clause of the Fifth Amendment. (*Id.* at 11–18). The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner and an award of reasonable attorney's fees and costs under the Equal Access to Justice Act. (*Id.* at 14).

Respondents filed their Answer on September 30, 2026 ("Answer"). (Dkt. No. 8). The Answer conceded that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). (*See* Dkt. No. 8 at 2).

In light of Respondents' concession, Petitioner is entitled to a bond hearing, the Court finds as follows:

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide him with an individualized bond hearing under 8 U.S.C. § 1226(a);

(2) Respondents file a notice of compliance advising how they complied with this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of

the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: October 1, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE